IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BARBARA KOPCZYNSKI,                §
                                   §
              Plaintiff,            §
                                   §
v.                                 §        CIVIL ACTION NO. H-10-4507
                                   §
WAL-MART STORES TEXAS, LP,         §
                                   §
              Defendant.           §

**MEMORANDUM OPINION AND ORDER**

The defendant, Wal-Mart Stores Texas, LP ("Wal-Mart")[1],
removed this action from the County Court at Law of Walker County,
Texas, where it was filed under Cause No. 10206CV.  Pending before
the court is Plaintiff's Opposed Motion for Leave to Amend and
Opposed Motion to Remand (Docket Entry No. 8).  At issue is whether
plaintiff, Barbara Kopczynski, has viable causes of action against
two Wal-Mart employees, both of whom are Texas residents, and
whether the amount in controversy exceeds $75,000.  For the reasons
explained below, Kopczynski's motions for leave to amend and for
remand will be denied.

_____

[1]Wal-Mart contends without supporting evidence that the
caption should list the defendant as "Wal-Mart Stores Texas, LLC"
instead of "Wal-Mart Stores Texas, LP."  The issue as to the
correct formulation of Wal-Mart's title is inconsequential to the
issues pending before the court because the parties agree that the
defendant, espousing either name, is not a citizen of Texas for
purposes of diversity.

## I.  <u>Factual and Procedural Background</u>

Kopczynski brings this action against Wal-Mart seeking compensation for injuries that she suffered when she slipped and fell while entering a Wal-Mart in Huntsville, Texas, on September 22, 2009.[2]  Kopczynski alleges that she was taken to the hospital by ambulance where she was treated for a torn right hamstring, extensive bruising to her right thigh, and severe pain, and that she was unable to walk without the assistance of a walker for approximately three weeks following the incident.[3]

Kopczynski initiated this action in state court on May 14, 2010,[4] alleging that Wal-Mart and its employees "negligently permitted the floor to become slippery and wet, negligently or willfully allowed such condition to continue[,] and negligently or willfully failed to warn Plaintiff of the condition of the floor."[5] Kopczynski seeks damages for past and future medical expenses, past and future physical pain and suffering, past and future mental anguish, past and future physical impairment, past and future costs for in-home care, fear of future disease or condition, and

---

[2]Plaintiff's First Amended Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1, ¶¶ 8-12.

[3]<u>Id.</u> ¶ 12.

[4]Plaintiff's Original Petition and Request for Disclosure ("Plaintiff's Original Petition"), Exhibit A to Notice of Removal, Docket Entry No. 1, p. 7.

[5]Plaintiff's First Amended Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1, ¶ 15.

exemplary damages.[6]   In her Original Petition Kopczynski alleged
that the action "[was] not removable to Federal Court" and that she
was "affirmatively plead[ing] damages of less than $75,000."[7]
These statements were omitted, however, from the amended petition
that she filed on October 28, 2010.[8]

On November 12, 2010, Wal-Mart removed the action on grounds
that this court has diversity jurisdiction under 28 U.S.C. § 1332.[9]
On January 14, 2011, Kopczynski moved for leave to amend her
petition to add two defendants and, since both the defendants are
Texas residents, moved to remand the action.[10]  Kopczynski seeks to
join Karen Cochran, Wal-Mart's store greeter on the day of the
incident, and Chris Seaman, the store manager, as defendants.[11]
Kopczynski argues that only after she reviewed Wal-Mart's policies,
watched the videotape of the incident, and deposed Cochran did she
become aware that Cochran and Seaman were individually negligent.[12]
Wal-Mart argues that Kopczynski's motion should be denied because

---

[6]Id. ¶¶ 20-24.

[7]Plaintiff's Original Petition, Exhibit A to Notice of
Removal, Docket Entry No. 1, ¶ 7.

[8]See Plaintiff's First Amended Original Petition, Exhibit B to
Notice of Removal, Docket Entry No. 1, ¶¶ 4-6.

[9]Notice of Removal, Docket Entry No. 1, pp. 1-2.

[10]Plaintiff's Opposed Motion for Leave to Amend and Opposed
Motion to Remand ("Plaintiff's Motion"), Docket Entry No. 8.

[11]Id. at 1, 6.

[12]Id. at 11.

(1) Kopczynski's claims against Cochran and Seaman are precluded by Texas law because neither of the proposed additional defendants owed Kopczynski an independent duty of reasonable care, (2) Kopczynski was dilatory in seeking leave to amend, and (3) Kopczynski would suffer no injury if Cochran and Seaman were not joined as defendants.[13]

## II.  Kopczynski's Motion for Leave to Amend

### A.  Applicable Law

Whether a party may amend its complaint is ordinarily governed by Federal Rule of Civil Procedure 15(a), which provides that a "party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  The rule provides that "[t]he court should freely give leave when justice so requires."  Id.

Kopczynski's proposed amendment requires the application of a different standard, however, because an amendment that would add a "new nondiverse defendant in a removed case" should be scrutinized

_____

[13]Defendant's Response to Plaintiff's Opposed Motion for Leave to Amend and Opposed Motion to Remand ("Defendant's Response"), Docket Entry No. 9, ¶¶ 21–39.

"more closely than an ordinary amendment." Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). 28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Increased scrutiny is appropriate because "the court's decision will determine the continuance of its jurisdiction." See Hensgens, 833 F.2d at 1182.[14]

A motion to amend that defeats the court's jurisdiction presents the court with competing interests. On one hand is the possibility of parallel proceedings at the state and federal levels, which could lead to inconsistent results and the waste of judicial resources. Id. On the other hand is the diverse defendant's interest in retaining the federal forum. Id. When confronted with these competing interests, the court "should use its discretion in deciding whether to allow that party to be added." Id.

The Fifth Circuit in Hensgens set out a nonexhaustive list of factors the court should consider to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. Id. The list includes:

_____

[14]Although Hensgens was decided prior to the enactment of § 1447(e), the Fifth Circuit has indicated that the Hensgens analysis still applies. See Templeton v. Nedlloyd Lines, 901 F.2d 1273, 1275-76 (5th Cir. 1990) (per curiam) (discussing the legislative history behind § 1447(e)).

(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for amendment, (3) whether the plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities. <u>Id.</u> "The balance does not hinge on a 'rigid distinction of whether the proposed added party is an indispensable or permissive party.'" <u>Gallegos v. Safeco Ins. Co. of Ind.</u>, No. H-09-2777, 2009 WL 4730570, at *2 (S.D. Tex. Dec. 7, 2009) (quoting <u>Hensgens</u>, 833 F.2d at 1182). If the court permits the amendment of the nondiverse defendant, it then must remand to the state court; if the amendment is not allowed, the court maintains jurisdiction. <u>Id.</u>

**B.   Analysis**

1.   <u>Determining the Purpose of Kopczynski's Amendment</u>

In determining the purpose of a plaintiff's proposed amendment to join a nondiverse defendant, district courts in the Fifth Circuit consider whether prior to removal the plaintiff knew or should have known of the nondiverse defendant's identity and activities, <u>Martinez v. Holzknecht</u>, 701 F. Supp. 2d 886, 889 (S.D. Tex. 2010), and whether the plaintiff has a viable cause of action against the nondiverse defendant, <u>see</u> <u>Holstine v. DaimlerChrysler Corp.</u>, No. L-06-53, 2007 WL 4611914, at *2 (S.D. Tex. Dec. 12, 2007) (citing <u>Tillman v. CSX Transp., Inc.</u>, 929 F.2d 1023, 1029 (5th Cir. 1991)).

-6-

(a)  Kopczynski's  Knowledge  of  Cochran  and Seaman's
     Identities and Activities

The record shows that Kopczynski was aware of both Cochran and Seaman's identities and activities before removal.  Kopczynski's Original Petition, filed May 14, 2010, alleges that on the day of the incident Kopczynski "arrived at Wal-Mart [and] spoke with the Wal-Mart greeter for a moment," and that after Kopczynski fell "the Wal-Mart greeter rushed to her aid asking if she was alright and stated 'I told them they needed to clean up that water.  This is why you fell.  Look your foot print [sic] is in the water.'"[15] Kopczynski learned that the greeter's name was Karen Cochran from a letter that Wal-Mart's attorney sent to Kopczynski's attorney on September 21, 2010.[16]

Kopczynski  was  in  possession  of  a  copy  of  Wal-Mart's surveillance video from the day of the incident no later than October 19, 2010.[17]  According to Kopczynski the video shows that (1) "Cochran haphazardly placed warning signs out" in an attempt to warn customers that the floor was wet; (2) "[d]espite being aware of the risk of a patron falling, seeing at least five prior falls before Plaintiff's fall, and witnessing a fall minutes before Plaintiff's fall, Defendant Cochran allowed the floor to remain wet"; (3) Cochran "removed or allowed the removal of[] the

---

[15]Plaintiff's  Original  Petition,  Exhibit  A  to  Notice  of Removal, Docket Entry No. 1, ¶ 10.

[16]Letter  from  Neal  Hoffman  to  John  Ray,  Sept.  21,  2010, Exhibit H to Defendant's Response, Docket Entry No. 9, pp. 1-2.

[17]Plaintiff's Motion, Docket Entry No. 8, p. 4.

remaining warning signs so they were entirely out of view of anyone entering the Store"; and that (4) "Cochran took a wet mop and applied additional water to the already wet and dangerously slick floor mere moments before Plaintiff entered" the store.[18]

Of particular significance to the issue of Kopczynski's purpose in joining Cochran after removal is the fact that all of the allegations pertaining to Cochran's conduct were included in Kopczynski's amended petition filed on October 28, 2010.[19] Kopczynski made the decision, however, to not include any causes of action against Cochran individually in the amended petition. Kopczynski deposed Cochran on November 9, 2010, and Wal-Mart removed the action on November 12, 2010.[20]

Kopczynski learned from Wal-Mart's Response to Requests for Disclosure, which was filed on July 9, 2010, four months prior to removal, that Chris Seaman formerly was the Wal-Mart store manager.[21]  Kopczynski asserts that it learned that Seaman "had negligently failed to train or supervise Ms. Cochran" at Cochran's deposition.[22]

---

[18]Id. at 7-8.

[19]See Plaintiff's First Amended Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1, ¶¶ 8-11.

[20]Plaintiff's Motion, Docket Entry No. 8, pp. 4-5.

[21]Defendant Wal-Mart Stores Texas, L.L.C.'s Response to Requests for Disclosure ("Defendant's Response to Requests for Disclosure"), Exhibit G to Defendant's Response, Docket Entry No. 9, pp. 4, 7.

[22]Letter from Kopczynski to Wal-Mart, Nov. 18, 2010, Exhibit A to Defendant's Response, Docket Entry No. 9, p. 1.

These facts weigh in favor of denying Kopczynski's motion because they demonstrate that Kopczynski was aware of Cochran's identity and allegedly negligent conduct before removal and was aware that Seaman was formerly Wal-Mart's store manager before removal.

    (b)   The Viability of Kopczynski's Claims Against Cochran and Seaman Individually

If Kopczynski's motion for leave to amend were granted, her complaint would contain three negligence causes of action — two against Wal-Mart employees in their individual capacities and one against Wal-Mart. Under Texas law "[t]he threshold inquiry in a negligence case is whether the defendant owes a legal duty to the plaintiff." <u>Centeq Realty, Inc. v. Siegler</u>, 899 S.W.2d 195, 197 (Tex. 1995). Wal-Mart argues that there is "no possibility" that Kopczynski would be able to establish that Cochran and Seaman were negligent in their individual capacities because "neither owed Plaintiff an independent duty of care apart from their employment with Defendant."[23]

In Texas an individual acting as an officer, agent, or employee of a company can only be held individually liable for negligence when the individual owes an independent duty of reasonable care to the injured party apart from the employer's duty. <u>Tri v. J.T.T.</u>, 162 S.W.3d 552, 562 (Tex. 2005) (citing

[23]Defendant's Response, Docket Entry No. 9, ¶ 30.

<u>Leitch v. Hornsby</u>, 935 S.W.2d 114, 117 (Tex. 1996)).[24]   This
principle was explained by the Texas Supreme Court in <u>Leitch v.
Hornsby</u>.   There, an employee brought negligence claims against the
company he worked for and two of the company's corporate officers
for injuries the employee sustained on the job when he was
unloading equipment.   <u>Leitch</u>, 935 S.W.2d at 116.   The employee
introduced evidence showing that the officers played an active role
in making decisions relating to the distribution of safety
equipment for the employees.   <u>Id.</u> at 118.   Explaining that the
officers' acts were the company's acts because they were acting on
behalf of the company, the Court held that the officers did not owe
the employee an individual duty to provide a safe work place, and
that the court of appeals erred in affirming their individual
liability.   <u>Id.</u>

    A limited reading of <u>Leitch</u> was espoused by the Fifth Circuit
in <u>Valdes v. Wal-Mart Stores, Inc.</u>, 158 F.3d 584 (5th Cir. 1998),
an unpublished opinion.   In <u>Valdes</u> the court rejected the defend-
ant's improper-joinder argument and found that there was a
reasonable possibility that the plaintiff could bring negligence
claims against both Wal-Mart and Wal-Mart's store manager.   <u>Id.</u>
at *5.   The plaintiff had sued the defendants for negligently
failing to provide adequate security after she was abducted from

---

[24]In cases where jurisdiction is based on diversity, the court
applies the substantive law of the forum state — here, Texas.
<u>Fisher v. Miocene Oil and Gas Ltd.</u>, 335 Fed. Appx. 483, 486 (5th
Cir. 2009).

Wal-Mart's parking lot, taken to the parking lot of another store, and sexually assaulted.  Id. at *1.  The court determined that there was a reasonable possibility under Texas law that a store manager owed an independent duty of care toward business invitees, a determination based on the holding of a Texas court of appeals case that had not been overruled.  Id. at *4 (citing S.H. Kress & Co. v. Selph, 250 S.W.2d 883 (Tex. Civ. App.—Beaumont 1952, writ ref'd n.r.e.)).  After acknowledging that "[i]f read broadly, the principles of Leitch might well undermine Selph," the court concluded that Leitch was not controlling because it "was not a premises case" and because the court could not "say with full confidence that [Leitch would] be applied outside of the employer-employee context."  Id. at 5 n.6.

This conclusion was undermined, however, when the Texas Supreme Court expanded Leitch to include negligence cases based on premises liability in Tri v. J.T.T.  There, two female plaintiffs were raped by a monk while they were guests at a Buddhist temple in California.  Tri, 162 S.W.3d at 554.  The plaintiffs' lawsuit included causes of action against both the corporation that operated the Buddhist temple and a monk at the California temple who was an officer of the corporation.[25]  Id.  The trial court did not render judgment against the corporate officer even though the jury found that the officer and the corporation acted negligently.

---

[25]The monk who was included as a corporate-officer defendant was not the monk accused of raping the plaintiffs.

Id. at 555–56.  Holding that the trial court's judgment should stand, the Texas Supreme Court stated that

> a negligence finding against an individual does not
> automatically result in individual liability when the
> individual was acting as the agent or employee of a
> corporation.  Corporations can, of course, only act
> through individuals.  We explained in Leitch v. Hornsby
> when individual liability will be imposed and when it
> will not.  Individual liability arises only when the
> officer or agent owes an independent duty of reasonable
> care to the injured party apart from the employer's duty.
> We gave as an example an agent whose negligence caused an
> automobile collision while the agent was driving in the
> course and scope of employment.  An agent, in his
> individual capacity, owes a duty to the public to drive
> with reasonable care.  Therefore, the individual is
> liable for his or her own negligence, and the employer is
> also vicariously liable.

Id. at 562 (footnotes and internal quotations omitted).  The Court distinguished the automobile-collision scenario from the facts in Leitch:

> We held [in Leitch] that the actions or inactions of the
> individuals were actions or inactions within their
> capacities as officers of [the plaintiff's] corporate
> employer and that the individuals had no individual duty
> as corporate officers to provide [the plaintiff] with a
> safe workplace.  The individuals were not liable for
> their negligence because they did not breach any separate
> duty to [the plaintiff].  Only their corporate employer
> was liable for their negligence.

Id. at 562–63 (footnotes and internal quotations omitted).

Kopczynski's proposed amended complaint alleges the following facts in support of her cause of action against Cochran individually:

> 23. At all times mentioned herein, Defendant Cochran, as
> the Store greeter, was responsible for and had control
> over the area where this accident occurred.  Defendant
> Cochran owed certain duties to Plaintiff, including

-12-

maintaining the area where the accident occurred, the breach of which proximately caused the injuries set forth herein.

24.  Defendant Cochran was guilty of negligent conduct toward Plaintiff in:

> A.   Deciding to use floor fans and placing the floor fans in the entryway in such a way that the fans blew the warning signs out of the customer's view, despite not receiving any instruction from Defendant Wal-Mart in using floor fans during inclement weather[;]

> B.   Removing or allowing the removal of the warning signs so that they were entirely out of view of anyone entering the Store;

> C.   Using a wet mop and applying additional water to an already wet and dangerously slick floor mere moments before Plaintiff entered;

> D.   Failing to maintain the flooring area in question to prevent water from pooling, despite seeing at least five prior falls and witnessing a fall minutes before Plaintiff's fall; and

> E.   Failing to follow Defendant Wal-Mart's written inclement weather procedures.[26]

With respect to Seaman, Kopczynski alleges the following:

25.  At all times mentioned herein, Defendant Seaman, as the Store manager, was responsible for and had control over the Store where this accident occurred.  Defendant Seaman owed certain duties to Plaintiff the breach of which proximately caused the injuries set forth herein.

26.  Defendant Seaman was guilty of negligent conduct toward Plaintiff in:

> A.   Failing to train Defendant Wal-Mart employees;

> B.   Failing to supervise Defendant Wal-Mart employees' continued compliance with Defendant Wal-Mart policies; and

---

[26]Plaintiff's [Proposed] Amended Complaint, Exhibit G to Plaintiff's Motion, Docket Entry No. 8, ¶¶ 23-24.

> C.   Failing to ensure that inexperienced employees
> were not placed in active employment prior to
> completing all necessary training.[27]

The causes of action that Kopczynski seeks to add to her complaint allege that Cochran and Seaman acted negligently within their capacities as employees of Wal-Mart.  See id. at 562. Kopczynski's claim against Wal-Mart, however, already alleges that Wal-Mart's "agents, servants, or employees" "negligently permitted the floor to become slippery and wet," knew or should have known of the existence of the condition, failed to "properly inspect and maintain the floor area," and failed to give "adequate and understandable warnings to [Kopczynski]."[28]   Kopczynski does not specify the independent duty that Seaman allegedly owed her apart from Wal-Mart's duty to use reasonable care in maintaining a safe entryway.  With respect to Cochran, Kopczynski alleges that she had the duty of "maintaining the area where the accident occurred," but Kopczynski acknowledges that this was part of Cochran's ordinary job responsibilities and fails to allege any facts showing that this duty was separate and apart from her duties as a Wal-Mart employee.[29]   Moreover, Kopczynski does not cite any authority for her contention that Cochran or Seaman owed independent duties similar to, for example, an employee involved in an automobile collision, as described in Leitch and Tri.

---

[27]Id. ¶¶ 25-26.

[28]Id. ¶¶ 18-22.

[29]Plaintiff's Motion, Docket Entry No. 8, p. 6.

-14-

District courts in the Fifth Circuit have held that <u>Leitch</u> and <u>Tri</u> preclude a plaintiff from bringing negligence claims against both a company and a company employee acting within the scope of his or her employment duties.   <u>See, e.g.</u>, <u>Gipson v. Wal-Mart Stores, Inc.</u>, No. H-08-2307, 2008 WL 4844206, at *5 (S.D. Tex. Nov. 3, 2008) (concluding that a plaintiff who alleged that Wal-Mart failed to conduct a proper investigation before arresting her at a Wal-Mart store for cashing allegedly fraudulent money orders could not bring a negligence claim against the Wal-Mart employee); <u>Solis v. Wal-Mart Stores East, L.P.</u>, 617 F. Supp. 2d 476, 481 (S.D. Tex. 2008) (concluding that after <u>Tri</u> there is no reasonable possibility that a plaintiff who slipped and fell at a Wal-Mart store can prevail on a premises liability claim against the store manager or department manager in addition to a similar claim against Wal-Mart); <u>Bourne v. Wal-Mart Stores, Inc.</u>, 582 F. Supp. 2d 828, 837 (E.D. Tex. 2008) (holding that after <u>Tri</u> there is no reasonable possibility that a plaintiff who slipped and fell in a Wal-Mart store can successfully bring negligence causes of action against both the assistant store manager and Wal-Mart). Based on the authorities discussed above, the court concludes that under Texas law Kopczynski would not be able to prevail on her negligence claims against Cochran and Seaman in their individual capacities.

An analysis of the first <u>Hensgens</u> factor militates against Kopczynski's motion for leave to amend.   The improbability that

Kopczynski has viable causes of action for negligence against Cochran and Seaman, together with the fact that Kopczynski was aware of the identities and activities of the proposed defendants before removal, lends credence to Wal-Mart's argument that the purpose of Kopczynski's amendment is to defeat diversity jurisdiction.

      2.   <u>Whether Kopczynski Was Dilatory in Seeking an Amendment</u>

When courts consider whether a plaintiff has been dilatory under the second <u>Hensgens</u> factor, they generally scrutinize the amount of time that passed between the filing of the original petition and the motion for leave to amend and between the notice of removal and the motion for leave to amend. <u>See</u> <u>Gallegos</u>, 2009 WL 4730570, at *4 (finding the plaintiff was dilatory after examining the delay since the filing of the state-court action and the notice of removal); <u>Irigoyen v. State Farm Lloyds</u>, No. CA-C-03-324-H, 2004 WL 398553, at *4 (S.D. Tex. Jan. 5, 2004) (same). District courts in the Fifth Circuit have concluded that a plaintiff was dilatory under the following circumstances: when the motion to amend was filed approximately two months after the original petition and almost thirty days after notice of removal, <u>Gallegos</u>, 2009 WL 4730570, at *4; when the motion to amend was filed four months after the original petition and nearly two months after notice of removal, <u>Multi-Shot, LLC v. B&T Rentals, Inc.</u>, No. H-09-3283, 2010 WL 376373, at *9 (S.D. Tex. Jan. 26, 2010); and

-16-

when the motion to amend was filed four and a half months after the original petition and two and a half months after notice of removal, <u>Irigoyen</u>, 2004 WL 398553, at *4 (S.D. Tex. Jan. 5, 2004).

Here, Kopczynski moves for leave to amend her complaint eight months after initiating the action in state court.[30]   Contrary to Kopczynski's assertion that she only learned of Cochran and Seaman's negligence after Cochran's deposition on November 9, 2010,[31] the record shows, as discussed above, that Kopczynski was aware of the proposed defendants' identities and activities before November.   Moreover, just six days after removal, on November 18, 2010, Kopczynski's attorney sent Wal-Mart's attorney a letter stating that Kopczynski intended to "add Ms. Cochran and Mr. Seaman as Defendants."[32]   Based on these facts, the second <u>Hensgens</u> factor also weighs against Kopczynski's motion for leave to amend.

3.   <u>Whether Denying Joinder Will Cause Significant Injury to Kopczynski</u>

Kopczynski argues that if her motion for leave to amend is denied she will be significantly injured because she will be forced to litigate two suits based on the same operative facts, one in

---

[30]<u>Compare</u> Plaintiff's Motion, Docket Entry No. 8 (filed on January 14, 2011), <u>with</u> Plaintiff's Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 1 (filed on May 14, 2010).

[31]Plaintiff's Motion, Docket Entry No. 8, p. 11.

[32]Letter from Paul Murphy to John Ramirez, Nov. 18, 2010, Exhibit B to Plaintiff's Motion, Docket Entry No. 8, p. 1.

state court and one in federal court.[33]   Such a scenario is
unlikely, however, because as discussed above there is little
chance that Kopczynski would be able to prevail on her claims
against Cochran and Seaman since she has not established that they
owed her an independent duty.

Moreover, Kopczynski will be able to recover any damages she
seeks from Cochran and Seaman by proving her negligence cause of
action against Wal-Mart because her allegations against Wal-Mart
encompass those against Cochran and Seaman.   Kopczynski alleges
that Wal-Mart's "agents, servants, or employees" acted negligently
by permitting the floor to become slippery and wet, allowing the
condition to continue, failing to warn Kopczynski of the condition
of the floor, failing to properly inspect and maintain the floor
area, and failing to discover and remove the water within a
reasonable time.[34]   Evidence supporting these allegations will
consist of evidence of the proposed defendants' individual conduct.

The court concludes that prohibiting the joinder of Cochran
and Seaman will not cause Kopczynski significant injury or
prejudice and will not result in a waste of judicial resources.
The third <u>Hensgens</u> factor therefore weighs against Kopczynski's
motion for leave to amend.

---

[33]Plaintiff's Motion, Docket Entry No. 8, pp. 11-12.

[34]Plaintiff's [Proposed] Amended Complaint, Exhibit G to
Plaintiff's Motion, Docket Entry No. 8, ¶¶ 19-22.

-18-

4.   <u>Other Factors Bearing on the Equities</u>

Kopczynski argues that the court should consider "the importance of allowing a single fact finder to determine a plaintiff's common claims against defendants."[35]  The court concludes that this factor is of little importance under these circumstances because (1) Texas law precludes Kopczynski's causes of action against Cochran and Seaman in their individual capacities, and (2) Kopczynski will be able to recover from Wal-Mart any damages that she seeks from Wal-Mart's employees if she is able to establish Wal-Mart's negligence.

**C.   Conclusion**

The court will deny Kopczynski's motion for leave to amend because after considering the record in light of the factors set out by <u>Hensgens</u>, the court concludes that (1) Kopczynski's purpose in joining Cochran and Seaman to the action is to defeat diversity jurisdiction, (2) Kopczynski was dilatory in seeking amendment, and (3) Kopczynski will not be significantly injured if Cochran and Seaman are not joined as defendants.

**III.   <u>Kopczynski's Motion for Remand</u>**

**A.   Removal Standard**

A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is

---

[35]Plaintiff's Motion, Docket Entry No. 8, p. 12.

-19-

properly followed.  <u>See</u> <u>Manguno v. Prudential Prop. and Cas. Ins.</u> <u>Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441). Federal courts have original jurisdiction over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).  If jurisdiction is based on diversity, an action is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought."  28 U.S.C. § 1441(b).  Since the parties do not dispute that Wal-Mart and Kopczynski are citizens of different states for purposes of diversity, the only issue is whether the amount in controversy exceeds $75,000.

Wal-Mart, as the party seeking to invoke federal jurisdiction, bears the burden of establishing that the amount in controversy exceeds the jurisdictional threshold.  <u>Kidd v. Southwest Airlines</u> <u>Co.</u>, 891 F.2d 540, 546 (5th Cir. 1990).  Doubts about the propriety of removal are to be resolved in favor of remand.  <u>Manguno</u>, 276 F.3d at 723.  "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [the jurisdictional amount]."  <u>De Aguilar v. Boeing Co.</u>, 11 F.3d 55, 58 (5th Cir. 1993), <u>cert. denied</u>, 116 S. Ct. 180 (1995). The Fifth Circuit has set forth two ways to satisfy this burden.

> First, jurisdiction will be proper if "it is facially
> apparent" from the plaintiffs' complaint that their

> "claims are likely above [\$75,000]." . . . If the value
> of the claims is not apparent, then the defendants "may
> support federal jurisdiction by setting forth the *facts*
> — [either] in the removal petition [or] by affidavit —
> that support a finding of the requisite amount."

<u>Garcia v. Koch Oil Co. of Tex. Inc.</u>, 351 F.3d 636, 639 (5th Cir. 2003) (quoting <u>Allen v. R&H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995)).  If Wal-Mart satisfies its burden using either of these two methods, Kopczynski must establish to a legal certainty that the value of her claim is less than the \$75,000 jurisdictional threshold in order to justify remand.  <u>De Aquilar v. Boeing Co.</u> (<u>"De Aquilar II"</u>), 47 F.3d 1404, 1412 (5th Cir. 1995), <u>cert. denied</u>, 116 S. Ct. 180 (1995).

**B.   Analysis**

In accordance with Texas statute, Kopczynski's petition does not allege a specific amount of damages.  <u>See</u> Tex. R. Civ. P. 47 (prohibiting plaintiffs from pleading for specific amounts in cases of unliquidated damages).  Wal-Mart must therefore show by a preponderance of the evidence that the amount in controversy exceeds \$75,000.  <u>De Aquilar II</u>, 47 F.3d at 1412.  This burden is satisfied if it is facially apparent from the petition that the amount in controversy exceeds \$75,000.

In her amended petition, filed on October 28, 2010, Kopczynski seeks damages for past and future medical expenses, past and future physical pain and suffering, past and future mental anguish, past and future physical impairment, past and future costs for in-home

-21-

care, and fear of future disease or condition.[36]  It can be gleaned from Kopczynski's allegations that she spent time in the hospital, requires in-home care, and continues to suffer pain.  Kopczynski also seeks exemplary damages.[37]  Given the nature of Kopczynski's alleged damages and a review of other cases involving similar allegations, it is more likely than not that the amount in controversy exceeds $75,000.  See, e.g., Bourne, 582 F. Supp. 2d at 839-40 (finding that an amount in controversy exceeding $75,000 "could reasonably be expected" because the plaintiff injured her arm, hip, and side after falling in a Wal-Mart store, continued to feel pain from her injuries, and alleged numerous damages for past and future conditions as well as exemplary damages); White v. FCI USA, Inc., 319 F.3d 672, 676 (5th Cir. 2003) (finding that at the time of removal it was facially apparent by the "lengthy list of compensatory and punitive damages" sought by the plaintiff that the amount in controversy exceeded $75,000); Belvin v. Home Depot USA, Inc., No. 07-1035, 2007 WL 2491428, at *2 (E.D. La. Aug. 30, 2007); Cordova v. Fleet Source Transp. Servs., Inc., No. C-06-349, 2006 WL 2706770, at *3 (S.D. Tex. Sept. 18, 2006).

Kopczynski has not established to a legal certainty that the amount in controversy is less than the jurisdictional amount.  See

---

[36]Plaintiff's First Amended Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1, ¶¶ 20-24.

[37]Id. ¶¶ 20-21.

Manquno, 275 F.3d at 724 (citing De Aguilar II, 47 F.3d at 1412).
For example, Kopczynski has not identified a statute that limits
her recovery to $75,000 or less or filed a binding stipulation that
so limits her recovery.  See id.  In fact, Kopczynski omitted from
her amended petition the statement that she "affirmatively [was
pleading] damages of less than $75,000 [sic]."[38]  Kopczynski also
rejected Wal-Mart's offer to not seek removal in exchange for
Kopczynski's agreement to not request or seek to enforce an award
in excess of $75,000.[39]

## C.    Conclusion

Because it is facially apparent from Kopczynski's petition
that the amount in controversy exceeds $75,000 and because
Kopczynski has not shown to a legal certainty that the amount in
controversy is below the jurisdictional threshold, the court
concludes that Wal-Mart has satisfied its burden to demonstrate
that diversity jurisdiction exists.

## IV.  Order

For the reasons explained above, the court concludes that
Kopczynski is not entitled to amend her complaint to add two
nondiverse defendants and that Wal-Mart has satisfied its burden to

---

[38]Compare Plaintiff's Original Petition, Exhibit A to Notice
of Removal, Docket Entry No. 1, ¶ 7, with Plaintiff's Amended
Petition, Exhibit B to Notice of Removal, Docket Entry No. 1.

[39]See Agreed Stipulation, June 7, 2010, Exhibit C to Notice of
Removal, Docket Entry No. 1, p. 1.

show that diversity jurisdiction is present. Accordingly, Plaintiff's Opposed Motion for Leave to Amend and Opposed Motion to Remand (Docket Entry No. 8) are **DENIED**.

**SIGNED** at Houston, Texas, on this the 14th day of March, 2011.

SIM LAKE
UNITED STATES DISTRICT JUDGE